ALLEN SCHIFFMAN & COMPANY, PLAINTIFF-APPELLANT, v. JOSEPH B. BURNSON, DEFENDANT-RESPONDENT.

Submitted October term, 1929—Decided December 19, 1929.

Before Justices PARKER, BLACK and BODINE.

For the plaintiff-appellant, *David Goldstein.*

For the defendant-respondent, *Eugene R. Hayne.*

PER CURIAM.

This suit was brought to recover for a breach of contract the sum of $325 in the District Court of the First Judicial District of Monmouth county. The defendant filed a specification of defenses and a notice of recoupment, claiming $500 damages. The case was tried by the court without a jury, one witness sworn on behalf of the plaintiff and one witness sworn on behalf of the defendant, resulting in a judgment by the court as follows: "The recoupment will be disallowed. Let judgment of no cause of action be entered on the plaintiff's case." The case grew out of the purchase and sale of one hundred shares of the stock of the Jefferson Insurance Company and one hundred shares of the stock of the Merchants and Manufacturers Fire Insurance Company. There was no written contract of sale, and, hence, under section 4 of the Sales act (*Comp. Stat., p.* 4648), as the price of the stock sold was in excess of $500 the contract was not enforceable by action unless the goods or part thereof had been delivered and accepted, which was not the fact, or unless the buyer had given something in earnest to bind the bargain or in part payment. In this aspect it was admitted that after some time the buyer had paid plaintiff's $18.65 for interest on the balance carried on their books. In our judgment, that payment does not take the case out of the statute. The check for interest was neither earnest nor part payment, nor did it on any other ground take the case out of the statute. The other questions involved are largely questions of fact, and

as to these we are satisfied with the conclusions of the trial judge, who wrote quite an elaborate opinion vindicating his conclusions.

The judgment of the First Judicial District Court of Monmouth county is therefore affirmed, with costs.